The plaintiff in this action seeks a temporary injunction to restrain the defendant from uttering statements concerning the plaintiff and the plaintiff's business which are alleged to be slanderous and from lettering his automobile with allegedly libelous statements derogatory to the plaintiff and the plaintiff's business.
The only question presented at this hearing is as to the plaintiff's right to a temporary injunction upon the situation *Page 226 
disclosed by the complaint and statements of counsel.
A temporary or preliminary injunction in advance of a full trial of the issues involved will not be granted unless the right to the relief asked is clear.
Although counsel have not submitted any case in which the question here involved has been passed upon by the courts of this State, it is almost universally held in other jurisdictions that in the absence of statute the right to an injunction to restrain the threatened publication of a libel is one which courts of equity do not recognize.
American Malting Co. vs. Keitel, 209 F. 351.
 A. Hollander Son vs. Jos. Hollander, Inc., et al., 117 N.J. Eq. 578.
Since the availability to the plaintiff of injunction as a remedy is extremely doubtful, the question is obviously one which should not be passed upon on an application for a temporary injunction, but should be left for determination by the court upon a full hearing, at which time plaintiff's right not only to injunction, but also to recover damages for the alleged libel and slander may be adjudicated.
 The application is denied.